Two questions are involved in this application:
1. Is such switch upon the street an additional burden for which abutting property owners are entitled to compensation?
2. Are the property owners on the north side of Water street such abutting property owners as are entitled to compensation for the laying of a switch on the south side of the street ?
The first query must be unhesitatingly answered in the affirmative. The Ohio rule differs from that of nearly all the other states in the Union, by reason of which (in passim), citations *18 from the courts of other states upon these questions very rarely aid the court, Unless said states have adopted our rule. This rule is in substance (54 O. S., 465) “that the acquisition by a municipality of land for a street involves the right to put and maintain the street in suitable condition to answer all purposes, of the acquisition, to which public right all private rights of lot owners are necessarily subordinated, while there remains in the owner of abutting land, inhering in the land and attach- ' ing to it, a private right in the street in the nature of an incorporeal hereditament, as much property as the land itself. The decisions illustrate two ideas respecting the ownership of ■ the street: The right of the public at large, as represented by the municipality, and the right of the owner of abutting lands. Whether the title of the municipality is acquired by grant, by common law dedication, or by appropriation, it is held in trust for the public with the power of control, and accompanied with, the duty of keeping open, in repair, and free from nuisance. The right of general use and enjoyment the adjoining owner possesses in common with the public at large, and that right may be affected by whatever the municipality may lawfully do or permit respecting the street. But his separate right, being a right of property, appurtenant to his land, can be taken or invaded only upon the terms of the Constitution, viz., that ‘compensation shall be first made.’ ”
The placing of a steam railroad track in a public highway, street or otherwise, has always been held in Ohio to impose an additional burden upon it, and it is unnecessary to cite eases, every lawyer being familiar with them.
The second question to be determined is: Whether the property owners on the north side of Water street are such abutting owners who are entitled to compensation for an invasion of their private rights, as distinguished from injuries suffered in common by them with the general public? Section 3283 of the Kevised Statutes, which authorizes railroad companies to use or occupy streets or parts thereof, provides that such company which lays a track upon any street shall be responsible for injuries done thereby to private or public property lying upon or near to such ground. It will be seen that this right is given *19 to any property owner, abutting upon or near to such, track, if he has been injured in his private property rights.
This statute alone, it seems to me, disposes of the question. It extends the remedy not merely to an abutter but to a contiguous, neighboring property owner, if he can show an injury to his land, separate and distinct from that suffered by the public at large. This would entitle the property owners on the north side of Water street to a restraining order, under the decision in Railway Co. v. Lawrence, 38 O. S., 41, as follows:
“1. Where the construction of a railroad in a street of a city will work material injury to the abutting property, such construction may be enjoined, at the suit of the owners, until the right to construct such road in the street shall first be acquired, under proceedings instituted against such owners as required by law for the appropriation of private property.”
But we have also the expression of an eminent text-writer (Wood) on the question whether an abutting owner has an easement only in the half of the street, or in the whole in front of his premises. In volume 1, page 776, of his work on railroads, he says:
“Our views are very well expressed in the opinion of the Supreme Court of Minnesota in a recent case (Adams v. Chicago R. R. Co., 39 Minn., 286), and we adopt them as the clearest statement' of the law we have seen. Gilfillan, Chief- ' Justice, speaking for the court, said:
“ ‘The conclusions arrived at are, that the owner of a lot abutting on a public street has, independent of the fee of the street, as appurtenant to his lot, an easement in the street in front of his lot, to the full width of the street for the admission of light and air to his lot, which easement is subordinate only to the public right; that depriving him of or interfering with his enjoyment of the easement for any public use not a proper street use is a taking of his property within the meaning of the Constitution.’ ”
And the following rules are predicated by the author upon the almost universal consensus of judicial opinions in the United States:
*20 “2. That every owner of abutting property has an easement in the street for access to his premises, and for light and air; that this easement exists independently of any ownership of the fee in the'street; that such easement being essential to the proper enjoyment of his property, is a part of his property and within the protection of the constitutional prohibition against the taking of private property without compensation.
“3. That if by the impairment of this easement by a use of the street not contemplated in its original laying out, the abutting owner’s property is diminished in value, he is entitled to recover for such diminution, and no legislative grant of authority to occupy the street can afford any defense to his action. ’ ’
*19 “1. That an ordinary commercial railroad, operated by steam, when constructed upon a street or highway is not one *20 of the uses contemplated when the highway was laid out; it is not an improved use of the street, but is an added use and imposes an additional servitude thereon. It. can not be presumed then that holders of property abutting on the street, when they acquired it, had in contemplation any such use.
W. W. Ramsey and Joseph Wilby, for the motion.
A. J. Freiberg and Coffey, Mallon, Mills & Vordenberg, contra.
These are also the views expressed by Dillon in his work on Municipal Corporations, as being the later and sounder view upon these questions. The decision in the Eggleston avenue case belongs to the earlier formative period of our jurisprudence on this subject, and would not be good law. to-day, for in the language of our Supreme Court in Callen v. Electric Light Co., 66 O. S., p. 180: “The right of the abutting owner to the unimpaired use of the street and to be compensated for new and additional burdens imposed by diversion of the street to new uses, is recognized and enforced by a number of sections of our Revised Statutes.”
To one of these, sections (3283), to my mind determinative of the ease at bar, I have already called attention.
The motion to modify the restraining order must, therefore, be refused.